# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46793-3-II |
| Respondent, | |
| v. | |
| NOLAN BROOKS GWINN, SR., | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, C.J. — A jury found Nolan Brooks Gwinn Sr. guilty of one count of felony violation of a no-contact order (VNCO). Gwinn appeals his conviction, arguing that he received ineffective assistance of counsel because trial counsel failed to object to evidence that Gwinn had previously been convicted of VNCO involving the same protected party as the current offense. We hold that Gwinn cannot establish that he received ineffective assistance of counsel because counsel's failure to object was a legitimate trial strategy. We affirm.

## FACTS

In July 2014, Elizabeth Gwinn drove home to pick up her son. When she arrived, she saw Gwinn, her former husband, standing in the driveway. Elizabeth[1] told Gwinn that he was not

---

[1] We refer to Elizabeth Gwinn by her first name for clarity, intending no disrespect.

permitted to be there because of the court order prohibiting him from contacting her, and Gwinn agreed to leave after Elizabeth threatened to call police.

That evening, Elizabeth again observed Gwinn on the walkway outside her home. She threatened to call 911. Gwinn left the residence, but shortly thereafter, Elizabeth began to receive phone calls from Gwinn. After "dozens" of calls, which included statements from Gwinn that he was coming back to her home, Elizabeth called police. Olympia police officers arrested Gwinn the next day. The State charged Gwinn with felony VNCO because Gwinn had previous convictions for VNCO.

At trial, the investigating police officer explained that at the time of the alleged crime, there was a valid Olympia Municipal Court order prohibiting Gwinn from contacting Elizabeth. The order also barred Gwinn from coming within 1,000 feet of Elizabeth's residence. Because the State was required to prove that Gwinn had twice previously been convicted for VNCO for purposes of the current felony charge, it introduced a 2010 judgment and sentence showing two such convictions. This judgment and sentence listed Elizabeth as the party with whom contact was prohibited.

During Elizabeth's cross-examination, Gwinn's trial counsel elicited testimony that Gwinn had contacted Elizabeth at least once prior when he was not permitted to do so and that he had been charged on that occasion. And in closing argument, Gwinn's defense counsel cited Elizabeth's desire to be "done with" Gwinn and implied that Elizabeth made the police report as a way to accomplish that goal. 1 Report of Proceedings (RP) at 168. The jury found Gwinn guilty as charged. Gwinn appeals.

ANALYSIS

Gwinn argues that he received ineffective assistance of counsel because defense counsel failed to object when the State presented evidence that Gwinn had two previous convictions for VNCO and that Elizabeth was the protected party in each of the earlier incidents. We hold that counsel's performance was not deficient because he used the fact that Elizabeth was a party to the other convictions as a legitimate trial strategy.

To prevail on an ineffective assistance of counsel claim, a defendant must show both deficient performance and resulting prejudice. *State v. McNeal*, 145 Wn.2d 352, 362, 37 P.3d 280 (2002). We review an ineffective assistance claim de novo, beginning with a strong presumption that trial counsel's performance was adequate and reasonable and giving exceptional deference when evaluating counsel's strategic decisions. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (citing *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009)). To establish deficient performance, a defendant must show that counsel's performance fell below an objective standard of reasonableness. *McNeal*, 145 Wn.2d at 362. To establish prejudice, a defendant must show that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. We do not have to address both prongs of the test if the defendant makes an insufficient showing on either prong. *State v. Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 563 (1996).

Given the deference we afford defense counsel's decisions in representation, the threshold for deficient performance is high. *Grier*, 171 Wn.2d at 33. There is a strong presumption counsel has rendered adequate assistance and has made all significant decisions by exercising reasonable

professional judgment. *State v. Lord*, 117 Wn.2d 829, 883, 822 P.2d 177 (1991). Thus, "[w]hen counsel's conduct can be characterized as legitimate trial strategy or tactics, performance is not deficient." *Kyllo*, 166 Wn.2d at 863. Conversely, a criminal defendant can rebut the presumption of reasonable performance by demonstrating that "there is no conceivable legitimate tactic explaining counsel's performance." *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004).

Gwinn argues that his trial counsel should have objected to the State's use of the prior judgment and sentence because it listed Elizabeth as the protected party to a no-contact order. In Gwinn's view, although his prior convictions for VNCO were unquestionably relevant because they were an element of the charged crime, it was unnecessary and irrelevant to include a reference to Elizabeth's name because the law does not require that the two previous convictions involve the same victim.[2] According to Gwinn, counsel's failure to request a redaction—or to stipulate to the

---

[2] Former RCW 26.50.110 (2013), which governs violations of VNCOs, provides in pertinent part,
    (1)(a) Whenever an order is granted under this chapter, chapter 7.92, 7.90, 9A.46, 9.94A, 10.99, 26.09, 26.10, 26.26, or 74.34 RCW, or there is a valid foreign protection order as defined in RCW 26.52.020, and the respondent or person to be restrained knows of the order, a violation of any of the following provisions of the order is a gross misdemeanor, except as provided in subsections (4) and (5) of this section:
        . . . .
        (5) A violation of a court order issued under this chapter, chapter 7.92, 7.90, 9A.46, 9.94A, 10.99, 26.09, 26.10, 26.26, or 74.34 RCW, or of a valid foreign protection order as defined in RCW 26.52.020, is a class C felony if the offender has at least two previous convictions for violating the provisions of an order issued under this chapter, chapter 7.90, 9A.46, 9.94A, 10.99, 26.09, 26.10, 26.26, or 74.34 RCW, or a valid foreign protection order as defined in RCW 26.52.020. The previous convictions may involve the same victim or other victims specifically protected by the orders the offender violated.

existence of the prior convictions—was prejudicial because it was essentially propensity

evidence.[3]

Here, the record shows a valid strategic reason for counsel's failure to object. During

Elizabeth's cross-examination, the following exchange occurred:

> [GWINN]: But you wanted to be free of [Gwinn].
> [ELIZABETH]: Yes.
> [GWINN]: [Elizabeth], at least on one prior occasion, you know that [Gwinn] had
> contact with you when he wasn't supposed to --
> [ELIZABETH]: Um – hmm.
> [GWINN]: -- and he was charged, and he got in trouble for that.
> . . . .
> [GWINN]: At least on one other occasion.
> [ELIZABETH]: Yes.
> [GWINN]: So you know that if the police are called and there's a no contact order,
> that that's a way you can be free of him.

1 RP at 136.

The evidence against Gwinn was strong and the quoted passage demonstrates that Gwinn's

trial counsel's defense strategy was to challenge Elizabeth's credibility and to attempt to establish

that she had an ulterior motive when she called police during the incident. In closing argument,

counsel again suggested that Elizabeth filed a report because there was "no better way to make a

break [from Gwinn]." 1 RP at 168. Defense counsel attempted to convince the jury that

Elizabeth's report was motivated by her disdain for Gwinn rather than by his violation of the order.

For counsel's defense theory to be viable, it required that the jury have knowledge of

Gwinn's previous VNCO convictions where Elizabeth was the protected party. For this reason, it

was immaterial to Gwinn's counsel that the judgment and sentence suggested that Elizabeth had

---

[3] Gwinn likens the State's use of the judgment and sentence document to improper ER 404(b) evidence.

been the subject of other court orders that Gwinn violated. That evidence in fact corroborated the defense theory. This was clearly a strategic decision and we presume that counsel has made all significant decisions by exercising reasonable professional judgment. *Lord*, 117 Wn.2d at 883. Because counsel's conduct can be categorized as a legitimate trial strategy, we hold that counsel's performance was not deficient and, therefore, Gwinn's ineffective assistance of counsel argument fails.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
JOHANSON, C.J.

We concur:

_____
WORSWICK, J.

_____
LEE, J.